**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **BOARD OF TRUSTEES,** | ) |
| **SHEET METAL WORKERS' NATIONAL** | ) |
| **PENSION FUND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No. 1:10-cv-432 (LO/TCB)** |
| **v.** | ) |
| | ) |
| **KATHRYN AHERN dba** | ) |
| **C.J. MULDOON & SONS CORP.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, the Board of Trustees for the Sheet Metal Workers' National Pension Fund ("Fund"), submits this Memorandum of Points and Authorities in Support of its Motion for Default Judgment.

## I.    JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action, personal jurisdiction over the defendants, and venue is proper in this Court. This Court has subject matter jurisdiction under Section 502 of ERISA, 29 U.S.C. § 1132, and 29 U.S.C. § 1451(c). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. This case is properly before the Court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) since it is brought under ERISA for Defendant's failure to make contributions in accordance with a collective bargaining agreement or multi-employer plan.

Pursuant to Massachusetts Civil Procedure Rule 4(d)(1), on October 28, 2010, Plaintiff served Defendant Kathryn Ahern dba C.J. Muldoon & Sons, Corp. ("Defendant") by posting and

mailing copies of the summons and Amended Complaint to Defendant's last and usual place of abode. *See* Mass. Civ. P. R. 4(d)(1). Plaintiff is entitled to serve Defendant pursuant to Massachusetts Civil Procedure Rule 4(d)(1) under Federal Rule of Civil Procedure 4(e)(1), which allows Plaintiff to follow the state law for serving a summons in an action brought in the courts of general jurisdiction in the state where service was made. *See* Fed. R. Civ. P. 4(e)(1). Additionally, the Fund received an email from Defendant admitting that she received the Amended Complaint. (Declaration of Alex Dyer ("Dyer Decl."), ¶ 12); *see also* Va. Code Ann. § 8.01-288 (2009) (any process which reaches the person to whom it is directed shall be sufficient even though it has not been served or accepted).

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The Fund is administered in Alexandria, Virginia. (Compl. ¶ 6.) Venue is proper in this Court, and this Court has personal jurisdiction over the Defendant since the Fund is administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat 1 Pension Fund v. McD Metals, Inc.,* 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

## II.   FACTS

The Fund seeks to recover a delinquent withdrawal liability, interest, liquidated damages, and attorneys' fees and costs from a withdrawn employer. Plaintiff is comprised of individual parties who are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A),

and are empowered to bring this action pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145. (Amended Complaint ("Am. Compl."), ¶¶3, 5.) At all times pertinent to this action, Defendant Kathryn Ahern dba C.J. Muldoon & Sons, Corp. was an employer within the meaning of 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), and was engaged in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 1002(11) and (12). (*Id.*, ¶7.) At all relevant times, Ahern performed business and C.J. Muldoon & Sons, Corp. (*Id.*, ¶8.) C.J. Muldoon & Sons, Corp. is a former corporation that was involuntarily dissolved in December 31, 2990. (*Id.*, ¶9.)

Until the date of its withdrawal from the Fund on or about March 1, 2008, Defendant employed employees represented for the purposes of collective bargaining by Sheet Metal Workers' International Association Local Union No. 17 ("Local Union No. 17"), a labor organization representing employees in an industry affecting interstate commerce. (Am. Compl., ¶ 12, Dyer Decl., ¶ 5) Defendant was a signatory to and bound by a collective bargaining agreement ("Agreement"), with Local Union No. 17, under which it was required to make contributions to the Fund on behalf of its employees who were covered by the Agreement. (Am. Compl., ¶ 13; Dyer Decl., ¶ 5.) The Agreement obligated Defendant to abide by the terms and conditions of the Agreement and Declaration of Trust establishing the Fund and any amendments thereto ("Trust Document") and to submit monthly reports and payments to the Fund. (Am. Compl.,¶14; Dyer Decl., ¶ 6.) The Fund determined that on or about March 1, 2008, Defendant permanently ceased to have an obligation to contribute monthly contributions to the Fund, thereby withdrawing from the Fund in a statutory "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383. (Am. Compl., ¶15; Dyer Decl., ¶ 7.) The Fund determined that as a result of this complete withdrawal, Defendant incurred withdrawal liability to the Fund

in the amount of $96,816.50, as determined under the terms of the Trust Document. (Am. Compl., ¶16; Dyer Decl., ¶ 8.)  The withdrawal liability for the Defendant was calculated in accordance with ERISA and the Trust Document. (Dyer Decl., ¶ 8.)

On or about September 20, 2008, Defendant received a Notice and Demand for payment of the withdrawal liability issued by the Fund.  (Am. Compl., ¶17; Dyer Decl.,¶ 9.)   The Notice and Demand for payment notified Defendant that its withdrawal liability was $94,297.10, payable in 12 quarterly payments of $7,876.44 and a final payment of $7,727.95. The Notice and Demand stated that the first quarterly payment was due on or before October 16, 2008.  (Am. Compl., ¶18; Dyer Decl.,¶ 9.)   By letter dated December 9, 2008, the Fund sent a revised withdrawal liability assessment in the amount of $96,816.50, payable in 13 quarterly payments of $7,876.44 and a final payment of $2,981.36. The revised withdrawal reminded Defendant that the first quarterly payment was due on October 16, 2008. (Am. Compl., ¶19; Dyer Decl.,¶ 9.) The Notice and Demand and revised withdrawal liability assessment included exhibits detailing how Defendant's withdrawal liability was calculated. (Dyer Decl.,¶ 9.) On or about February 25, 2010, Defendant received a letter issued by the Fund notifying Defendant that it was delinquent in making its second and third quarterly withdrawal liability payments and that it had 60 days from receipt of the letter to cure the delinquency or it would be in default.  (Am. Compl., ¶20; Dyer Decl.,¶ 10.)

Defendant has not paid to the Fund any of the payments under Defendant's withdrawal liability payment schedule, despite its obligation to do so under Section 515 of ERISA, 29 U.S.C. § 1145, the Agreement, and the Trust Document.  (Am. Compl., ¶ 21; Dyer Decl., ¶ 13.)  Under the ERISA, the Agreement, and the Trust Document, Defendant is liable for withdrawal liability in the amount of $96,816.50, interest on the delinquent withdrawal liability in the amount of

4

$21,135.04, liquidated damages equal to the greater of the interest on the withdrawal liability at the above rate or twenty percent of the withdrawal liability in the amount of $21,135.04 (Dyer Decl. at ¶ 15), and the attorneys' fees and costs incurred by the Fund in this action the amount of $11,198.34.  (Declaration of Sarah G. Naji ("Naji Decl."), ¶¶ 5-7; Am. Compl., ¶ 26.)

Defendant was served with the Amended Complaint in this case via private process server with the original summons on October 28, 2010. Inasmuch as Defendant is a corporation, it is neither an infant nor incompetent person, and it is not in military service.  Defendant did not file with this Court or serve upon counsel for Plaintiff any responsive pleadings in this proceeding within the required twenty-one (21) days from the date of its service, and no extension of time has been given.  The Clerk of the Court entered default against Defendant on January 6, 2011 (Dkt. No. 14).

III.    **THE FUND IS ENTITLED TO FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT**

The Complaint has alleged amounts due under ERISA, the Agreement, and the Trust Document that Defendant has not paid.  (Am. Compl., ¶ 26.)  The Declarations submitted with Plaintiff's Motion for Default Judgment support the amounts due and owing to the Fund.  (Dyer Decl., ¶ 15; Naji Decl., ¶¶ 5-7.)

The Fund has alleged that Defendant have violated ERISA Section 515, 29 U.S.C. § 1145, by failing to pay the withdrawal liability due under Defendant's collective bargaining agreement with Local Union No. 17.  ERISA Section 4301(b) states: " In any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner

as a delinquent contribution (within the meaning of section 1145 of this title)." 29 U.S.C. § 1451(b).

ERISA Section 515, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

The damages imposed on an employer who fails to make the required contributions due under a collective bargaining agreement are set forth in ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), as follows:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan -
>
> (A)  the unpaid contributions,
>
> (B)  interest on the unpaid contributions,
>
> (C)  an amount equal to the greater of:
>
>> (i)     interest on the unpaid contributions, or
>>
>> (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A),
>
> (D)    reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
>
> (E)    such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986.

Defendant is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and 29 C.F.R. § 4219.33, so the entire amount of the withdrawal liability is now due and owing. (Am. Compl., ¶ 24.)

By failing to pay the withdrawal liability as required, Defendant is liable to the Fund under ERISA Section 502(g)(2), 29 USC § 1132(g)(2), the Agreement, and the Trust Document for the withdrawal liability in the amount of $96,816.50, interest on the delinquent withdrawal liability in the amount of $21,135.04, liquidated damages equal to the greater of the interest on the withdrawal liability at the above rate or twenty percent of the withdrawal liability in the amount of $21,135.04 (Dyer Decl. at ¶ 15), and the attorneys' fees and costs incurred by the Fund in this action the amount of $11,198.34. (Naji Decl. at ¶¶ 5-7; Am. Compl., ¶ 22.)

## IV.    THE FUND'S ATTORNEYS' FEES AND COSTS ARE REASONABLE

In accordance with Section 515 of ERISA, the Fund is entitled to recover its attorneys' fees and costs from Defendant.  *See* 29 U.S.C. § 1132(g)(2)(D).  The Fund's attorneys' fees and costs are reasonable given that the Fund was forced to incur significant fees as a result of actions taken by the Defendant, as exemplified by the following expenses:

1.      9.2 hours of counsel ($2,435) and 14.9 hours of paralegal time ($1,937) to perform research to determine which entity to sue and whether Defendant had any controlled group members because Defendant refused to return the Fund's controlled group questionnaire despite Defendant's obligation to do so under ERISA.  (Naji. Decl. at ¶ 6.)  *See also Board of Trustees, Sheet Metal Workers' National Pension Fund v. Eastern Sign Tech, LLC,* 2006 U.S. Dist. LEXIS 72345, **5-7 (E.D. Va. 2006) (holding that attorneys' fees that pre-date the complaint are recoverable under ERISA).

7

2.      1.2 hours of counsel time ($288) and 1.0 hour of paralegal time ($130) to amend the complaint.  (Naji. Decl. at ¶ 6.)  Based in part on Defendant's failure to return the Fund's questionnaire, the Fund originally filed a lawsuit against CJ Muldoon Corp. and the Ahern Family Trust, a potential controlled group member, based on the Fund's preliminary research. (Compl., Dkt. 1.)  Once the Fund discovered that CJ Muldoon Corp. had been administratively dissolved and that Defendant Kathryn Ahern was doing business as CJ Muldoon Corp., the Fund had to amend the complaint.  (Am. Compl., Dkt. 9.; Naji Decl. at ¶ 6.)

3.      6.6 hours of counsel ($1,607) and 8.4 hours of paralegal time ($1,092) due to Defendant's evasion of service.  (Naji. Decl. at ¶ 6.)  The Fund attempted to serve Defendant at least 18 times via private processor server and a deputy sheriff.  *See* Affidavit from Process Server filed with Fund's Motion to Extend Time for Service (Dkt. 4.)  Paralegal time was spent communicating with process servers and deputy sheriff regarding service and seeking additional information in order to serve Defendant.  (Naji. Decl. at ¶ 6.)  Counsel time was spent performing legal research in order to find alternative methods of service, strategizing on how to affect service on Defendant, and requesting an extension of time from the Court to serve Defendant.  (*Id*.); *see also* Order granting Motion for Extension of Time for Service (Dkt. 5.)

4.      .8 hours of counsel time ($195) in order to obtain documentation from the Defendant.  (Naji. Decl. at ¶ 6.)  After she was served with the Amended Complaint, Defendant contacted the Fund and argued that she was unable to pay the amounts due to the Fund.  (Dyer Decl., ¶ 12.)  However, Defendant failed to provide any documents substantiating her alleged inability to pay, further wasting the Fund's resources.  (Naji Decl. ¶ 6).

8

## <u>CONCLUSION</u>

On the basis of the foregoing, and the Entry of Default against Defendant, Plaintiff requests that the Court enter an Order and Final Judgment for the Plaintiff in the amount of $150,284.92.

Dated: <u>February 4, 2011</u>                      Respectfully submitted,

                                      _____/s/_____
                                      Sarah G. Naji
                                      VA Bar No. 72966
                                      Attorney for Plaintiff
                                      Slevin & Hart, P.C.
                                      1625 Massachusetts Avenue, Suite 450
                                      Washington, DC  20036
                                      Phone: (202) 797-8700
                                      Fax: (202) 234-8234
                                      snaji@slevinhart.com

**<u>CERTIFICATE OF SERVICE</u>**

I  HEREBY  CERTIFY  that on this 4th day of February, 2011, I served the foregoing

Memorandum in Support of Plaintiff's Motion for Default Judgment upon Defendant by sending

copies of the same via email and first class mail, postage prepaid, to the following address:

> Kathryn Ahern dba C.J. Muldoon & Sons, Corp.
> 311 South Street
> Chestnut Hill, MA 02467
> kahern1@yahoo.com

> _____/s/_____
> Sarah G. Naji
> VA Bar No. 72966
> Attorney for Plaintiff
> Slevin & Hart, P.C.
> 1625 Massachusetts Avenue, Suite 450
> Washington, DC  20036
> Phone: (202) 797-8700
> Fax: (202) 234-8234
> snaji@slevinhart.com

10